# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| REGINALD FULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV302 |
| | ) | |
| UNKNOWN AGENTS/EMPLOYEE | ) | |
| JAILER SHERIFFS UNNAMED | ) | |
| EMPLOYEES, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE

This matter is before the Court upon Plaintiff Reginald Fullard's document entitled "Objections to Orders and Recommendations Entry in Prejudice, Miscarriage of Justice, Obstruction, Retaliation Violations Prohibited 28 C.F.R. § 35.104, 4th Am. U.S.C.A., 1st Am. U.S.C.A., 42 U.S.C.A. § 12101 et. Seq." (Docket Entry 8.) The Court construes Plaintiff's document as a motion for reconsideration of its Judgment under Civil Procedure Rule 60(b). As explained herein, Plaintiff's motion should be denied.

Plaintiff, a prisoner of the State of North Carolina, commenced this action by submitting a complaint alleging 1st, 5th, 8th, and 14th Amendment violations under 42 U.S.C. § 1983. (Docket Entry 2.) During initial review of the Complaint, the undersigned noted that the Court cannot further process the Complaint because, pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. (*See* Docket Entry 3 at 1.) The undersigned further noted that Plaintiff alleges no facts demonstrating any imminent danger in the present case and

1

therefore recommended that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and accompanied by the $400.00 filing fee. (*Id.* at 2.)

After considering Plaintiff's objections to the Recommendation, Judgment was entered on May 10, 2021, adopting the undersigned's Recommendation. (Docket Entry 7.) On June 21, 2021, Plaintiff filed the instant motion. (Docket Entry 8.) The Court construes Plaintiff's motion as a request to vacate judgment under Federal Rule of Civil Procedure 60(b).[1] To seek relief under Rule 60(b), "a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations and citation omitted). After satisfying the threshold requirements, the movant must establish one of the six enumerated grounds for relief, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). It is within the sound discretion of the Court as to whether relief under Rule 60(b) should be granted. *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotations and citation omitted).

Here, there is nothing in Plaintiff's motion that warrants relief under Rule 60(b). Plaintiff argues that since May 2011 he has and "continue[s] to be under imminent danger of

---

[1] Plaintiff filed his motion approximately six weeks after entry of Judgment. Thus, the Court will consider his motion under Rule 60(b) instead of Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

serious physical injury by very bad actors." (Docket Entry 8 at 1.) However, Plaintiff's claims in the Complaint deal with events that occurred approximately nine years ago and do not trigger the imminent danger exception to Section 1915(g). *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (internal quotations and citation omitted) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). In addition, Plaintiff's general contentions that the conditions of confinement during the Covid-19 pandemic places him in imminent danger also are insufficient. Ultimately, Plaintiff does not demonstrate exceptional circumstances for relief under Rule 60(b), thus his motion should be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's document entitled, "Objections to Orders and Recommendations Entry in Prejudice, Miscarriage of Justice, Obstruction, Retaliation Violations Prohibited 28 C.F.R. § 35.104, 4th Am. U.S.C.A., 1st Am. U.S.C.A., 42 U.S.C.A. § 12101 et. Seq.," construed as a motion for reconsideration under Rule 60(b), (Docket Entry 8) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

August 5, 2021
Durham, North Carolina